UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDITOR'S PICK LUXURY LLC,<br><br>        *Plaintiff*,<br>-against-<br><br>RED POINTS SOLUTIONS SL, and RED POINTS, INC.,<br><br>        *Defendants*. | 1:22-cv-07463 (ALC)<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

  Plaintiff Editor's Pick Luxury, LLC ("EPL") brings this action against Defendants Red Points Solutions SL and Red Points Inc. (collectively, "Red Points"), alleging 1) defamation; (2) declaratory judgment; (3) tortious interference with contract and business relations; (4) prima facie tort; and (5) false advertising under the Lanham Act, 15 U.S.C. § 1125(a). ECF No. 1, Compl. Defendants now move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 27. After careful review, Defendants' Motion, ECF No. 27, is **GRANTED**, and Defendants' request for attorneys' fees pursuant to N.Y. Civ. Rights § 70-a is **DENIED**. Plaintiff is **GRANTED** leave to amend its Complaint.

## BACKGROUND

### I. Statement of Facts[1]

Red Points helps companies protect their brand and other intellectual property through its services, including anti-piracy software, and intellectual property ("IP") infringement detection and enforcement, which permits clients to "employ automated screening and reporting for alleged online violations[.]" Compl. at ¶¶ 12, 23, 25, 29, 32. Plaintiff alleges Defendants' software for infringement detection does not work as advertised, and was designed either

---

[1] For the purposes of this motion, the facts are drawn from the Complaint and presumed to be true.

1

negligently or purposefully to report IP violations indiscriminately without properly distinguishing between authentic and unlawful or counterfeit products. *Id.* at ¶¶ 24–32. Plaintiff EPL resells discounted products on e-commerce websites like Shopify, Inc. ("Shopify"), which create individual virtual a "storefront" (website) for its merchant-subscriber customers ("Merchants"), such as EPL. *Id.* at ¶¶ 14–16. Shopify has an interest in preventing IP infringement and offers a mechanism to report alleged IP infringement. *Id.* at ¶¶ 18–22. Shopify automatically removes reported listings. *Id.* at ¶ 19.

Red Points used its software to identify products Plaintiff sold on its Shopify storefront that violated the IP of Red Points' clients. Between September 2021 and August 2022, Red Points reported alleged infringement to Shopify, claiming nine of EPL's products sold through its storefront violated the IP of four[2] Red Points clients. *Id.* at ¶¶ 34–56; ECF No. 29, Rachel Maimin Decl., Exs. 1–4. Plaintiff contends Red Points's reports were false because its products did not violate IP. "Defendants intentionally and improperly interfered with Plaintiff's contractual relationship with Shopify by reporting that Plaintiff was selling counterfeit products." Compl. at ¶ 89. Shopify removed the nine EPL products. *Id.* at ¶ 67. "Defendants wrongfully caused Plaintiff's inventory to be removed from the Website." *Id.* at ¶ 88. As a result of Defendants' actions, Plaintiff continues to suffer lost sales and damage to its reputation. *Id*. ¶¶ 54, 69, 93, 98, 109–10. Shopify has warned it might close Plaintiff's entire storefront. *Id*. at ¶¶ 54, 67. However, Plaintiff continues to sell products from four of Defendants' clients. Maimin Decl., Exs. 1–4.

    II.    **Procedural History**

---

[2] The four Red Points clients are Rea.deeming Beauty, Inc. d/b/a BeautyBlender ("BeautyBlender"), Age Sciences, Inc. ("Age Sciences"), JAMRM, LLC d/b/a Revision Skincare ("Revision"), and Foreo Ltd. ("Foreo").

Plaintiff filed its Complaint on August 31, 2022 against Defendants Red Points Solutions SL and Red Points Inc. Compl. Plaintiff alleges (1) defamation; (2) declaratory judgment; (3) tortious interference with contract and business relations; (4) prima facie tort; and (5) false advertising under the Lanham Act, 15 U.S.C. § 1125(a). EPL alleges Red Points "acted with actual malice." *Id.* at ¶ 66. On February 27, 2023, Defendants filed a motion to dismiss the Complaint. ECF No. 27. The motion is fully briefed. The Court now considers Defendants' motion.

## STANDARD OF REVIEW

### I. Federal Rules of Civil Procedure 12(b)(6)

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept

a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663.

Deciding whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79 (2009) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

### I. Defamation Claim

"To state a claim for defamation under New York law, the plaintiff must allege (1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on the part of the publisher; (4) that either constitutes defamation per se or caused 'special damages.'" *Burton v. LABEL, LLC*, 344 F. Supp. 3d 680, 699 (S.D.N.Y. 2018), citing *Thia v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010). The common interest privilege "extends to a communication made by one person to another upon a subject in which both have an interest." *Chandok v. Klessig*, 632 F.3d 803, 815 (2d Cir. 2011) (citation omitted). This includes business interests. *Hillel v. IQVIA, Inc.*, No. 21-666-CV, 2022 WL 905852, at *2 (2d Cir. Mar. 29, 2022). Defendants counter that Shopify has an interest in preventing IP infringement and offers a mechanism to report alleged IP infringement. Compl. ¶¶ 18–22. Defendants likewise share an interest in preventing IP infringement of its clients. *Id.* at ¶¶ 12, 23, 25, 32. As such, Defendants assert their reports to Shopify are protected under the common interest privilege.

At this stage, a party may only overcome "common interest" privilege by pleading specific and plausible allegations of actual malice. *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 330 (S.D.N.Y. 2010). As the Court in *Thai* described:

4

> Common-law malice mean[s] spite or ill will, and will defeat the privilege only if it is the one and only cause for the publication. Constitutional or actual malice means publication with [a] high degree of awareness of [the publication's] probable falsity or while the defendant in fact entertained serious doubts as to the truth of [the] publication.

*Id.* at 330 (alterations in original, internal citations and quotation marks omitted).

Here, Plaintiff alleges actual malice, but only pleads conclusory allegations of malice. Plaintiff posits that Defendants' software is "simply a mass reporting system working under the adage that it is better to ask for forgiveness than permission" and it was "designed either negligently or purposefully to report violations indiscriminately[.]" Compl. at ¶¶ 25, 30. As a result, Plaintiffs accuse Defendants of "act[ing] with actual malice or with reckless disregard for the truth of the matter contained in Defendants' false statements" to Shopify. *Id.* at ¶ 66. But Plaintiff has no provided support for either of these claims. "Mere conclusory allegations [of actual malice], or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the claim of qualified privilege." *Thai*, 726 F. Supp. 2d at 330, 335–36 (finding plaintiff's conclusory allegations of malice are "not entitled to a presumption of truthfulness and are insufficient to overcome the common interest privilege.") (citation omitted). "[T]his Court, even on a motion to dismiss, is not required to accept conclusory allegations—particularly allegations such as those asserted here, characterizing or attributing a state of mind of another person." *Glob. Packaging Servs., LLC v. Glob. Printing & Packaging*, 248 F. Supp. 3d 487, 495 (S.D.N.Y. 2017). Plaintiff did not plead sufficient facts to support the inference that Defendants' infringement reports to Shopify were made maliciously and solely to defame Plaintiff. Plaintiffs cannot overcome the common interest privilege, and the defamation claim must be dismissed.

    **II.**    **Declaratory Judgment Claim**

When ruling on a declaratory judgment action, courts in this Circuit have broad discretion. *Dow Jones Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003). Courts will consider the following factors: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade Inc. v. St. Paul Fire Marine Ins.*, 411 F.3d 384, 389 (2d Cir. 2005). Because the Court's resolution of Plaintiff's defamation and tortious interference claims, Compl. at ¶ 73, will resolve and finalize the legal issues contained in the declaratory judgment motion, a declaratory judgment is unnecessary; the declaratory judgment claims are dismissed.

### III.    Tortious Interference with Contract and Business Relations Claims

Plaintiff next brings a claim for "tortious interference with contract and business relations." Under New York law, a plaintiff alleging tortious interference with contract must plead the following elements: "[1] the existence of a valid contract between the plaintiff and a third party, [2] defendant's knowledge of that contract, [3] defendant's intentional procurement of the third-party's breach of the contract without justification, [4] actual breach of the contract, and [5] damages resulting therefrom." *State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 348 (S.D.N.Y. 2020) (quoting *Rich v. Fox News Network, LLC*, 939 F.3d 112, 126-27 (2d Cir. 2019)). "[I]t is insufficient, for purposes of stating a viable claim for tortious interference with contract, to allege in conclusory terms that a contract existed and was breached." *A.V.E.L.A., Inc. v Est. of Marilyn Monroe, LLC*, No. 12-CIV-4828, 2018 WL 1273343, at *11 (S.D.N.Y. Mar. 5, 2018).

"To prevail on a claim for tortious interference with business relations, a party must prove: (1) that it had a business relationship with a third party; (2) that the defendant knew of

that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party." *Stuart's, LLC v. Edelman*, 196 A.D.3d 711 (N.Y. App. Div. 2021) (quoting *106 N. Broadway, LLC v. Lawrence*, 189 A.D.3d 733, 741, 137 N.Y.S.3d 148 (2020)). Injury includes termination of a business relationship. *Glob. Supplies NY, Inc. v. Electrolux Home Prod., Inc.*, No. 21-674, 2022 WL 815795, at *3 (2d Cir. Mar. 18, 2022) (plaintiff sufficiently alleged defendant's unretracted IP complaints were "the direct and proximate cause of the termination of its business relationship with Amazon."). Generally, a cause of action for interference with prospective contract or business relationship is identical to one for tortious interference with contract. Only a claim for interference with a business relationship "requires proof of more culpable conduct on the part of defendant." *Lawrence*, 189 A.D.3d at 740, 137 N.Y.S.3d 148. "This standard is met where the interference with prospective business relations was accomplished by wrongful means or where the offending party acted for the sole purpose of harming the other party." *Law Offs. of Ira H. Leibowitz v. Landmark Ventures, Inc.*, 131 A.D.3d 583, 585, 15 N.Y.S.3d 814 (2015). "Wrongful means" includes fraud, misrepresentation, and "acts that would be criminal or independently tortious[.]" *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 191-92, 818 N.E.2d 1100, 1104 (2004) (internal citation omitted). "[W]here the offending party's actions are motivated by economic self-interest, they cannot be characterized as solely malicious." *Leibowitz*, 131 A.D.3d at 586, 15 N.Y.S.3d at 814; see also *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 262 (2d Cir. 2015) ("When a defendant has acted with a permissible purpose, such as 'normal economic self-interest,' wrongful means have not been shown, even if the defendant was 'indifferent to the [plaintiff's] fate.'") (alteration in original, citation omitted).

"Wrongful means" includes defamation, but as has been already established, the Court "is not required to accept conclusory allegations" as true. *Glob. Packaging Servs.*, 248 F. Supp. 3d at 495. Plaintiffs have not sufficiently pleaded that, in reporting alleged IP infringement to Shopify, Defendants were motivated by malice, insteadof economic self-interest to protect the brands and IP of its clients. This defeats a crucial prong in Plaintiff's tortious interference claims. For reasons discussed in greater detail below, Plaintiffs have not adequately alleged a prima facie tort or Lanham Act claim, and these claims are not "wrongful means" bases for their interference claims.

Plaintiff contends Defendants' reports to Shopify wrongfully interfered with Plaintiff's continuing business relationship with Shopify. "In order to survive a motion to dismiss, the plaintiff must allege that it was actually and wrongfully prevented from entering into or continuing in a specific business relationship." *Cambridge Cap. LLC v. Ruby Has LLC*, 565 F. Supp. 3d 420, 472 (S.D.N.Y. 2021) (internal citation and quotation marks omitted). Plaintiff posits that as a result of Defendants' reports, it continues to suffer lost sales and damage to its reputation. Compl. at ¶¶ 54, 69, 93, 98, 109–10. This includes "declining sales, loss in market share, and a breakdown of relationship with Shopify." *Id.* at ¶ 93. Shopify has warned it might close Plaintiff's entire storefront. *Id*. at ¶¶ 54, 67.

The recent decision in *Eminah Properties LLC v. Energizer Holdings, Inc.* is instructive. 531 F. Supp. 3d 593, 607 (E.D.N.Y. 2021). In *Eminah Properties*, eBay sellers alleged defendant's allegedly false reports of infringement damaged its relationship with eBay because the platform removed the reported listings and "put their accounts at risk of suspension." *Id.* But in that case, the court dismissed the interference claims because "plaintiffs' conclusory allegation that the defendants' 'actions interfered with [the] [p]laintiffs' business relationship with eBay'

does not say how the relationship with eBay was damaged, nor do their allegations about what happened to their accounts." *Id.* In contrast, another court found an Amazon seller was "injured" "as a result of [defendant's] interference in the business relationship" by filing false IP reports. *Josie Maran Cosms., LLC v. Shefa Grp. LLC*, 624 F. Supp. 3d 281, 294-95 (E.D.N.Y. 2022). But in that case, defendant retracted its IP reports to Amazon after determining they were filed in error. *Id.* Likewise, in *Global Supplies*, defendant made knowingly false IP reports that were "the direct and proximate cause of the termination of its business relationship with Amazon[.]" 2022 WL 815795, at *3.

Here, Shopify took down Plaintiff's listings for the nine products that allegedly infringed on the IP of Defendants' clients. *Id.* at ¶ 67. But Shopify has not terminated Plaintiff's store. The Court questions how seriously Defendants interfered with Plaintiff's continuing business relationship or contract with Shopify, given that its storefront remains intact. Further, Defendants have presented evidence that Plaintiff continues to sell products from four of Red Points's clients. Maimin Decl., Exs. 1–4. Plaintiff has failed to allege any actual breach of their contract with Shopify, much less that any breach was directly caused by Defendants' conduct.

Accordingly, both interference claims must be dismissed.

IV. **Prima Facie Tort Claim**

Prima facie tort is a "cause of action that is highly disfavored in New York." *Nevin v. Citibank, N.A.*, 107 F. Supp. 2d 333, 347 (S.D.N.Y. 2000). "[I]t is well settled that any claim that is covered by a traditional tort cannot be the basis for a claim of prima facie tort—even if the traditional tort claims turn out not to be viable." "The four elements for a prima facie tort in New York State are: (1) intentional infliction of harm, (2) causing special damages, (3) without excuse or justification, and (4) by an act or series of acts that would otherwise be lawful." *Watkins v.*

9

*Town of Webster*, 592 F. Supp. 3d 96, 130 (W.D.N.Y. 2022) (quoting *Katz v. Travelers*, 241 F. Supp. 3d 397, 405 (E.D.N.Y. 2017)). "The touchstone is 'disinterested malevolence', meaning that the plaintiff cannot recover unless the defendant's conduct was not only harmful, but done with the sole intent to harm[.]" *Twin Labs., Inc. v. Weider Health & Fitness*, 900 F.2d 566, 571 (2d Cir. 1990) (citations omitted). "[M]otives other than disinterested malevolence, 'such as profit, self-interest, or business advantage' will defeat a prima facie tort claim." *Id.*

In this case, Plaintiff's prima facie tort claim cannot stand. At the threshold, where "'[t]he factual allegations underlying [the prima facie tort] cause of action relate to'" defamation, that cause of action "'must fail.'" *McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 536 (2d Cir. 2009). This is because EPL's prima facie tort claim relies on the same facts set forth in support of its defamation and tortious interference claims, and those claims encompass the prima facie tort claim. Additionally, "New York courts have been very strict in holding that a cause of action for prima facie tort will not lie unless the actions complained of can be plausibly said to have been motivated solely by malice towards the plaintiff." *Id.* Defendants have established that Plaintiffs have not met their burden to show Defendants' filing of infringement reports with Shopify was *solely* motivated by malice towards Plaintiff. Lastly, Plaintiff has "failed to plead special damages, a necessary element[.]" *Beck v. Cornell Univ.*, 42 A.D.3d 609, 610, 839 N.Y.S.2d 575 (2007). See also *Katz*, 241 F. Supp. 3d at 409 (same); *Bilinski v. Keith Haring Found., Inc.*, 96 F.Supp.3d 35, 51 (S.D.N.Y.), aff'd in part, 632 F. App'x. 637 (2d Cir. 2015) ("Pleading damages as a round number with no attempt at itemization alleges general rather than special damages."). The prima facie tort claim cannot stand.

  **V.**  **False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a) Claim**

Plaintiff next alleges false or misleading representation and unfair competition under the Lanham Act, 15. U.S.C. § 1125(a). EPL alleges that Red Points made "false, misleading, and defamatory statements about Plaintiff and the Website", Compl. at ¶¶ 103, 108, and "disseminated false reports to [Shopify] to advance its business interests by removing [EPL's] listings." *Josie Maran Cosms.*, 624 F. Supp. 3d at 289. The Lanham Act provides that a party who "uses in commerce any . . . false or misleading representation of fact" regarding "any goods or services" which "…in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1)(B).

This Circuit employs the following test to evaluate whether statements constitute "commercial advertising or promotion" under § 1125(a): the statement must be "(1) commercial speech, (2) made for the purpose of influencing consumers to buy defendant's goods or services, and (3) although representations less formal than those made as part of a classic advertising campaign may suffice, they must be disseminated sufficiently to the relevant purchasing public." *Gmurzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir. 2004). The bar is high for pleading sufficient dissemination to the relevant purchasing public, because "the touchstone of whether a defendant's actions may be considered 'commercial advertising or promotion' under the Lanham Act is that the contested representations are part of an organized campaign to penetrate the relevant market." *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 57 (2d Cir. 2002).

Courts in the Second Circuit have rejected Plaintiff's contention that reports made to online platforms meet the sufficient dissemination element. *Josie Maran Cosms.*, 624 F. Supp.

11

3d at 291 (granting motion to dismiss false advertising claim when Amazon complaints were not "sufficiently disseminated to actual and prospective customers.") (citation omitted); *Fossil Grp., Inc. v. Angel Seller LLC*, No. 20-CV-2441 (WFK) (TAM), 2021 WL 5409605, at *11 (E.D.N.Y. Aug. 27, 2021), report & recommendation adopted, No. 20-CV-2441 (WFK) (TAM), 2021 WL 4520030 (E.D.N.Y. Oct. 4, 2021), reconsideration denied, No. 220-CV-2441 (WFK) (TAM), 2022 WL 3655177 (E.D.N.Y. Aug. 25, 2022) (the seller "d[id] [not] allege facts that support an inference that Amazon in fact distributed derogatory information to its consumers, or that Amazon itself is the 'purchasing public.'") (citation omitted); *Eminah Properties*, 531 F. Supp. 3d at 606 (finding reports made to eBay did not constitute dissemination to the "purchasing public").

Plaintiff also accuses Red Points of deceiving Shopify by allegedly falsely advertising its IP infringement detection and enforcement. Compl. at ¶¶ 102, 104. Yet, "a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133–34, (2014). "[T]hat occurs when deception of consumers causes them to withhold trade from the plaintiff. That showing is generally not made when the deception produces injuries to a fellow commercial actor that in turn affect the plaintiff." Plaintiff claims that Defendants' "false" statement about Defendants' own infringement detection product caused damage to Plaintiff. But Shopify is not Plaintiff's consumer. Similarly, because Defendant's reports to Shopify were not disseminated to the public, Plaintiff cannot satisfactorily claim that Plaintiff's consumers learned of the allegations, nor were driven to withhold trade from Plaintiff. The Court may not infer that Plaintiff's purported harm falls within the Lanham Act. *Id.*

In this case, EPL has failed to meet the public dissemination requirement. Accordingly, this claim is dismissed.

### VI. New York's Anti-SLAPP law

Defendants request attorneys' fees pursuant to N.Y. Civ. Rights § 70-a. New York's anti-SLAPP law provides defendants who bring a claim may recover costs and attorneys' fees if a lawsuit is frivolous. *Id.* at § 70-a(1)(a) ("the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law.") Defendants ask the Court to construe its motion to dismiss as a "claim" under the statute.

However, "Courts in this district have held that § 70-a is inapplicable in federal court because its substantial basis standard articulated in New York's anti-SLAPP law conflicts with the standards under Federal Rules of Civil Procedure 12 and 56." *Prince v. Intercept*, No. 21-CV-10075, 2022 WL 5243417, at *18 (S.D.N.Y. Oct. 6, 2022) (denying defendants' request for costs and attorneys' fees and collecting cases); see also *Nat'l Acad. of TV Arts & Scis., Inc. v. Multimedia Sys. Design*, Inc., 551 F. Supp. 3d 408, 432 (S.D.N.Y. 2021) (finding New York's anti-SLAPP law is "inapplicable in federal court" because the 'substantial basis' standard articulated in [the statute] similarly conflicts with the standards under Federal Rules of Civil Procedure 12 and 56." The Court **DENIES** Defendants' request.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 27, is **GRANTED**, and Defendants' request for attorneys' fees pursuant to N.Y. Civ. Rights § 70-a is **DENIED**. Plaintiff's Complaint is **DISMISSED** without prejudice. Rule 15(a)(2) states "the court should freely give leave when justice so requires." *Id*. The Supreme Court has instructed that "this

mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, it is ultimately "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Fife Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (citing *Foman*, 371 U.S. at 178). Because Plaintiff's conclusory statements are insufficient to support the majority of its claims, and Plaintiff has not previously amended its complaint, the Court will afford Plaintiff the opportunity to amend its Complaint to attempt to cure its deficiencies. The Court hereby **GRANTS** Plaintiff leave to file its First Amended Complaint. Plaintiff is **ORDERED** file the Amended Complaint on or before **October 13, 2023**.

**SO ORDERED.**

Dated: September 29, 2023
     New York, New York

                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**